BERZON, Circuit Judge,
dissenting:
I respectfully dissent.
First, the preclusion issue under 5 U.S.C. § 552(a)(4)(A)(viii) was not waived. The statute’s fee preclusion provision is more limited than the broader waiver Monaghan originally sought when he moved for summary judgment, as it does not necessarily cover duplication costs. Compare § 552(a)(4)(A)(viii) with § 552(a)(4)(A)(iii). The preclusion argument was raised in response to the motion to dismiss, which was an appropriate time to raise it, as it was a defense to the Federal Bureau of Investigation’s (“FBI’s”) assertion that Monaghan had failed to exhaust by paying all the fees demanded — namely, the $864 in fees accrued as of January 2010.
The preclusion provision is directly applicable, as the FBI did not make a determination on Monaghan’s request, received on August 31, 2009, within twenty days, or notify Monaghan of an extension of that statutory deadline, as required under § 552(a)(6)(A)(i).
Moreover, as I read the “unusual circumstances” exception to the fee preclusion provision, it does not absolve the FBI of the obligation to inform FOIA reques-ters that the agency cannot comply with the application deadline because of unusual circumstances. See § 552(a)(4)(A)(viii), (6)(B)-(C). As no such notice was provided, the unusual circumstances exception does not apply.
Second, I also would hold that the record supports a public interest fee waiver, under § 552(a)(4)(A)(iii), for Monaghan’s FOIA request. Unlike the majority, I do not find “unclear” the assertion that release of FBI records concerning the investigation of the 9/11 crashes could prove informative for the public concerning government operations. That assertion seems self-evidently true. Nor do I see the relevance of the precise location of Mona-ghan’s blog on the internet; it is accessible, even if not “easily,” to those interested *600 in 9/11 issues, and Monaghan did, in the blog entries that were included in the stipulated administrative record, include substantive information regarding the 9/11 attacks, as well as accounts of his attempts to acquire more information.
For the foregoing reasons, I would reverse the district court’s grant of the FBI’s motion to dismiss and remand for further proceedings.